SYBIL SMITH, an Infant, by SYBIL SMITH, Her Guardian ad Litem, Appellant, *v.* INTERBOROUGH RAPID TRANSIT COMPANY, Respondent.

Supreme Court, Appellate Term, First Department, October Term — Filed November, 1923.

Railroads — negligence — injuries to infant passenger through inhaling smoke on subway train — defendant liable in absence of explanation — judgment for defendant reversed.

Where a railway train upon suddenly coming to a stop was filled with smoke and the passengers at the direction of the employee in charge of the train were compelled to pass through eight smoke-filled cars and ascend to the street by means of a ladder after passing through the last car, the railway company in the absence of explanation as to the cause of such condition, which would not exist in the usual course of events in the absence of negligence, is liable to an infant passenger who was injured by inhaling the smoke, and the dismissal of her complaint because of failure to prove negligence on the part of defendant is error for which the judgment in defendant's favor will be reversed and a new trial ordered.

APPEAL by plaintiff from judgment of Municipal Court, borough of The Bronx, first district, dismissing complaint.

*Arthur A. Henning*, for appellant.

*James L. Quackenbush* (*Henry F. Gannon*, of counsel), for respondent.

GUY, J. The infant plaintiff, in the custody of her mother, was a passenger on a subway train operated by the defendant. Before

reaching plaintiff's destination the train on which plaintiff was a passenger stopped suddenly and became filled with smoke to such an extent that the passengers, by direction of defendant's employee in charge of said train, were compelled to pass through eight smoke-filled cars and ascend to the street by means of a ladder after passing through the last car. Plaintiff claims to have been injured by the inhaling of the smoke, and sues to recover damages therefor. Plaintiff's physician, who attended her on the day of the occurrence and for two days thereafter, testified that he found plaintiff suffering from " irritation and congestion of the lungs and the large bronchial tubes," for which he treated her, and that her condition was caused by " some irriting substance which had probably been inhaled " and that " smoke could cause it."

At the close of plaintiff's case the court, on motion of defendant's counsel, dismissed the complaint on the ground that plaintiff had failed to prove negligence on the part of defendant. In so ruling the learned court erred. The car and the tube in which it was being operated by the defendant being in defendant's control, it was defendant's duty to use reasonable care to transport its passengers in safety. The smoke-filled condition of the car in which plaintiff was seated and the other cars through which plaintiff was compelled to pass to make her exit in safety was a condition which would not exist in the usual course of events in the absence of negligence on the part of the defendant, which was in control thereof and in the absence of explanation as to the cause of such condition the defendant would be liable for damages suffered by its passengers by reason thereof.

Judgment reversed and a new trial ordered, with thirty dollars costs to appellant to abide the event.

BIJUR and MULLAN, JJ., concur.

Judgment accordingly.